**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC G. SWALLOW, | No.   18-16051 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-05261-BLF |
| v. | |
| WILLIAM P. TORNGREN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

Before:  GOULD and CALLAHAN, Circuit Judges, and BOUGH,[**] District Judge.

Plaintiff-Appellant Eric Swallow appeals the district court's dismissal of his claims of substantive due process and equal protection violations under 42 U.S.C. § 1983, RICO and RICO conspiracy violations under 18 U.S.C. § 1962(c) and (d), and tax fraud under 26 U.S.C. § 7434(a), against Defendants-Appellees Peter and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Jeanine Lunardi (collectively, "the Lunardis")[1] and Deputy Attorney General William Torngren with prejudice and without leave to amend. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** Swallow appeals the district court's dismissal of his § 1983 and RICO claims against the Lunardis. We review the district court's dismissal on the ground of *Noerr-Pennington* immunity de novo. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006). The *Noerr-Pennington* doctrine provides that "those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." *Id.* The immunity extends to protect defendants from § 1983 and RICO causes of action. *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–48 (9th Cir. 2009).

Swallow challenges the Lunardis' communications with Deputy Torngren concerning their testimony in the administrative and commission hearings, the case against Swallow, and the settlement negotiations with the Bureau of Gambling Control. These communications are protected under the *Noerr-Pennington* doctrine as communications "sufficiently related to petitioning activity" and necessary to "preserve the breathing space required for the effective exercise of the rights [the Petitions Clause] protects." *Sosa*, 437 F.3d at 933, 35. The sham

---

[1] Peter Lunardi died after Swallow filed the Notice of Appeal; Jeanine Lunardi, as Personal Representative of Peter Lunardi's estate, is the substitute party.

litigation exception does not apply because Swallow has not sufficiently alleged that any misrepresentations made in the administrative hearing so corroded the disciplinary proceeding as to "deprive the litigation of its legitimacy." *See id.* at 938 (internal quotation marks and citation omitted). The Lunardis are immune from suit under § 1983 and RICO for their protected petitioning activity.

Swallow argues that the Lunardis' filings of Garden City's 2015 and 2016 tax returns fall outside the scope of *Noerr-Pennington* immunity. That is correct: filing tax returns is not sufficiently related to petitioning activity to trigger *Noerr-Pennington* immunity. But Swallow has not plausibly alleged that the filings alone would support claims for substantive due process and equal protection violations under § 1983, or under § 1962. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Swallow's § 1983 and RICO claims based on the allegedly fraudulent tax return filings thus fail to state plausible claims to relief. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2001) (equal protection); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240, 243 (1989) (RICO); *United States v. Salerno*, 481 U.S. 739, 746 (1987) (substantive due process).

2.      Swallow appeals the district court's dismissal of his § 1983 and RICO claims against Deputy Torngren. We review the district court's dismissal on the ground of prosecutorial immunity de novo. *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001). Prosecutors who act within the scope of their duties enjoy

absolute immunity from suit.  *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976).  The functions Deputy Torngren performed, and which Swallow now challenges, were prosecutorial in nature and closely related to advocacy duties.  *See Forrester v. White*, 484 U.S. 219, 229 (1988); *see also Malley v. Briggs*, 475 U.S. 335, 341–43 (1986).  Deputy Torngren was entitled to absolute immunity from suit under § 1983 and RICO.[2]

**3.**     Swallow appeals the district court's dismissal of his tax fraud claims against the Lunardis.  We review the district court's dismissal de novo.  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  Swallow claims that the Lunardis engaged in tax fraud under 26 U.S.C. § 7434(a) because Peter Lunardi, as President and CEO of Garden City, personally signed and filed Garden City's tax returns for the 2015 and 2016 calendar years, even though he allegedly knew that the returns overstated the actual payments made to Swallow.

When alleging fraud, the plaintiff "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Swallow did not state a plausible claim of tax fraud against Jeanine Lunardi because he did not claim that she was personally involved in the alleged wrongdoing.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).  Swallow did claim that Peter Lunardi was

---

[2] Even if Deputy Torngren was not entitled to absolute prosecutorial immunity, Swallow's § 1983 and RICO claims would still be dismissed for failure to state plausible claims to relief.

4

involved in the alleged wrongdoing, but he did not plausibly allege that Peter Lunardi willfully filed fraudulent tax returns or that he intended to defraud the IRS. Swallow did not state claims to relief under § 7434(a) against either Lunardi.[3]

4.      Swallow challenges the district court's denial of his request for leave to amend his Complaint.  We review the district court's denial of leave to amend for abuse of discretion. *A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012).  A district court's discretion to deny leave to amend is "particularly broad" when the plaintiff has previously amended his complaint. *Salamah v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).  Here, Swallow previously amended his Complaint once as a matter of right.  The district court did not abuse its discretion by determining that there was an apparent futility of further amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

**AFFIRMED.**

---

[3] We need not reach the question of who may be held liable as the "filer" under § 7434(a).